UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv31-FDW

| | |
|---|---|
| MARK A. LEDBETTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HUBERT CORPENING, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Mark A. Ledbetter's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

I. BACKGROUND

Petitioner is a prisoner of the state of North Carolina, who was convicted in Gaston County Superior Court on May 30, 1997, of felonious breaking and entering, felony larceny, and felony possession of stolen goods. He also was found to have attained the status of violent habitual felon. Petitioner was sentenced to life in prison. (Pet. 1, Doc. No. 1.)

Petitioner filed a direct appeal, and on April 7, 1998, the North Carolina Court of Appeals issued an Order finding no error. State v. Ledbetter, COA No. 97-1244, 500 S.E.2d 477 (N.C. Ct. App. 1998) (unpublished). Petitioner did not seek discretionary review in the North Carolina Supreme Court. (Pet., supra, at 2.)

Petitioner filed a motion for appropriate relief ("MAR") in the Gaston County Superior Court on May 31, 2012. (MAR 1, Doc. No. 1-1.) In it, he claimed his indictment for having attained the status of violent habitual felon was fatally flawed and that the trial court, therefore, did not have subject matter jurisdiction to present the status issue to the jury or to enhance his

1

sentence. He also claimed trial counsel was ineffective for failing to recognize that the indictment was fatally flawed and object to the enhancement of Petitioner's sentence as a violent habitual felon. (MAR, supra, at 2-7.) The MAR was denied on the merits on September 24, 2014. (Order Den. MAR 11, Doc. No. 1-1.)

On September 25, 2014, Petitioner filed a petition for "Writ of Mandamus" in the North Carolina Court of Appeals, which was dismissed on October 7, 2014. (Order Dismissing Pet. for Mandamus 10, Doc. No. 1-1.) He filed a petition for writ of certiorari in the North Carolina Court of Appeals on September 29, 2015; it was denied on October 16, 2015. (Order Den. Cert. Pet. 12, Doc. No. 1-1.)

Petitioner filed the instant habeas Petition on January 11, 2016, when he signed it under penalty of perjury and placed it in the prison mail system. (Pet., supra, at 15.) In it he raises the same claims that he raised in his MAR.

## II.   STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review."[1] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on May 30, 1997. The North Carolina Court of Appeals issued its Order denying Petitioner's direct appeal on April 7, 1998. Petitioner then had thirty-five (35) days to seek discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review during that thirty-five-day time frame. Therefore, his conviction became final on or about May 12, 1998, when the time for seeking review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

The federal statute of limitations then ran for 365 days until it finally expired on or about May 12, 1999. Petitioner's May 31, 2012 MAR did not restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000). Therefore, his habeas Petition is time-barred under § 2244(d)(1)(A).

Recognizing that his Petition is untimely, Petitioner asserts that he is not an attorney and that no attorney told him about a deadline for filing a federal habeas petition.

---

[1] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

3

He requests that the Court grant his habeas Petition in order to avoid a "miscarriage of justice." (Pet., supra, at 13.)

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Here no argument can made that Petitioner pursued his state and/or federal rights diligently. Petitioner's lack of knowledge about legal processes or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")).

Petitioner's "miscarriage of justice" assertion rests upon his contention that the trial court did not have subject matter jurisdiction over the violent habitual felon indictment. A "fundamental miscarriage of justice" is generally considered to occur when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). In McQuiggin v. Perkins, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." 133 S. Ct. 1924,

4

1928 (2013).

McQuiggin is of no help to Petitioner, however, as it requires him to demonstrate actual innocence of his *crime of conviction*. See United States v. Jones, 758 F.3d 579, 585-86 (4th Cir. 2014), cert. denied, 135 S. Ct. 1467 (2015). Here, Petitioner's argument is that he is innocent of being a violent habitual felon because his indictment was fatally flawed. "Being an habitual felon is not a crime but is a status . . . [that] subjects a person . . . [subsequently] convicted of a crime to an increased punishment for that crime." State v. Allen, 233 S.E.2d 585, 588 (N.C. 1977). In other words, it is a status that enhances a defendant's sentence for certain convictions; it is not, itself, a crime of conviction. "McQuiggin does not extend to cases in which a [petitioner] asserts actual innocence of his sentence, rather than of his crime of conviction." Jones, 758 F.3d at 586.

In sum, the instant habeas Petition is untimely under § 2244(d)(1)(A), and Petitioner has demonstrated neither the diligence nor extraordinary circumstances required to justify equitable tolling in this case, see Holland, 560 U.S. at 649. Moreover, he cannot obtain an exception to the statute of limitations based upon actual innocence.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 10, 2016

Frank D. Whitney
Chief United States District Judge